UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS, CDCR #V-17007, <br><br> Plaintiff, <br><br> vs. <br><br> P. SHAKIBA, Doctor; N. SCHARR, Sergeant; BROWN, Correctional Officer; DOES 1-10, <br><br> Defendants. | Case No.: 3:18-cv-00179-MMA-JMA <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** <br><br> **2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 1]** <br><br> **AND** <br><br> **3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

ALLEN EDWARDS ("Plaintiff") is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. He is proceeding *pro se*, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl, Doc. No. 1.

Plaintiff claims he is "developmentally disabled" and suffers from a "serious medical condition in his hip" requiring his use of a cane and a medically-authorized lower-

tier / lower-bunk housing assignment. *Id*. at 3-4. He alleges his treating physician at RJD, Dr. Shakiba, Correctional Sergeant Scharr, and Correctional Officer Brown violated his Eighth and Fourteenth Amendment rights from December 2016 through April 2017 by either refusing to honor and/or removing his permanent lower bunk assignment without notice, re-assigning him to a top bunk on a top tier, and causing him injury. *Id.* at 4-7. Plaintiff seeks declaratory and prospective injunctive relief, as well as damages "to be determined." *Id.* at 10.

Plaintiff did not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2). In the body of his Complaint, which he admits was prepared by an unidentified "jailhouse lawyer," Plaintiff also requests the appointment of counsel.[1] *See* Compl., Doc. No. 1 at 3.

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

---

[1] Plaintiff is cautioned that "[a]ny person who is appearing propria persona (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to another person." S.D. Cal. CivLR 83.11a. A litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654; *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). However, the right is personal to the plaintiff and "courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report and a Prison Certificate signed by a RJD accounting officer attesting to his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* Doc. No. 4 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has had no money in his trust account for the 6-months preceding the filing of this action, and that he had a zero balance at the time of filing. *See* Doc. No. 4 at 1, 3. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Request for Appointment of Counsel

In the caption of his Complaint, Plaintiff also asks the Court to appoint counsel for him because he has been classified as developmentally disabled, and because he has written to "6 attorneys seeking representation without success." *See* Compl., Doc. No. 1 at 1, 3.

There is no constitutional right to counsel in a civil case, however. *Lassiter v. Dept. of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court denies Plaintiff's request without prejudice because while he admits having had a fellow inmate help him, his Complaint asserts an articulable factual basis for his claims, and his suit appears "relatively straightforward." *Id.* In fact, the Court finds, based on its screening of Plaintiff's Complaint under the *sua sponte* screening standards discussed below, that Plaintiff has pleaded sufficient factual content to state plausible Eighth and Fourteenth Amendment claims related to his cell reassignment and the injury

which resulted. However, at this initial stage of the pleadings, Plaintiff has not yet shown a likelihood of success on the merits. *Id.*

Therefore, the Court finds no "exceptional circumstances" and **DENIES** his request to appoint counsel (Doc. No. 1) without prejudice at this time. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits).

### III. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening which the Court conducts *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

As noted above, Plaintiff claims he is developmentally disabled, a participant in the CDCR's mental health ("EOP") program, and suffers from "serious medical conditions in his hip … that require[] assistance in walking with a cane." *See* Compl., Doc. No. 1 at 3. As a result, Plaintiff alleges that in 2011, he was prescribed a permanent "lower tier / lower bunk chrono." *Id.* at 4; *see also* Ex. E, Doc. No. 1 at 29-32. Plaintiff claims that "due to" this chrono, he was transferred from CMC East to RJD. *Id.* at 4.

On December 9, 2016, however, Plaintiff claims he was awakened at 11:30 p.m. by Officer Brown, who informed him Sergeant Scharr was ordering his move to an upper tier/upper bunk in "General Population Building 3" because "space was needed for another EOP inmate," and "because he did not have a lower tier/lower bunk chrono." *Id.* Plaintiff objected, and was threatened with a disciplinary transfer to Ad Seg, so he complied, but spent the night on the floor "in much distress." *Id.*

On December 10, 2016, Plaintiff was "rushed to [an] outside hospital for … abdominal pain," but remained assigned to the top tier / top bunk when he returned to RJD the next day. *Id.* at 5.

On December 11, 2016, Plaintiff fell while attempting to navigate the stairs with his cane, and was transported by ambulance to the medical clinic. *Id.* He was returned to "EOP Bldg. 1," on December 12, 2016, where he was re-authorized for a lower tier / lower bunk assignment by Dr. Shakiba, but for "5 days only." *Id.* Plaintiff claims he then "began to have extreme pain in his right shoulder after the fall down the stairs and the problems in

6

3:18-cv-00179-MMA-JMA

his hip got worse," so he sought medical attention, but Dr. Shakiba told him "there was nothing wrong with him," denied him care, and "refused" to re-authorize his lower tier / lower bunk assignment until an MRI conducted on March 10, 2017 revealed a tear in Plaintiff's shoulder tendon. *Id.* at 5-6, *see also* Ex. F, Doc. No. 1 at 33.

Plaintiff contends Defendants Brown, Scharr, and Shakiba acted with "deliberate indifference" to his safety in violation of the Eighth Amendment, and violated his right to equal protection by "removing [him] from EOP housing without a classification or mental health committee action," and thereby treating him differently than "similarly situated EOP prisoners" who must be provided notice "when their chronos are expired and / or removed." *Id.* at 7.

As currently pleaded, the Court finds that Plaintiff's Complaint contains factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges Eighth and Fourteenth Amendment claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Ramos v. Monteiro*, No. CV 06-0832-GAF (JTL), 2009 WL 1370998 at *14-15 (C.D. Cal. May 14, 2009) (finding that plaintiff had adequately alleged that, based on his medical condition, an upper bunk posed a substantial risk to his safety to support a claim of deliberate indifference); *Lewis v. Endell*, No. 2:08-cv-00157-RLH-PAL, 2008 WL 4866316 at *6 (D. Nev., Nov. 7, 2008) (finding, for qualified immunity purposes, it was clearly established that failure to move an inmate with seizure disorder to a lower bunk for seven months constituted deliberate indifference) (citing *Estelle*, 429 U.S. at 99); *Village v. Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing equal protection deprivations may be "brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *Burgers v. Uribe*, No. 13CV1880 DMS NLS, 2014 WL 4609457, at *6 (S.D. Cal. Sept. 15, 2014)

7

3:18-cv-00179-MMA-JMA

(citing standards for equal protection "class of one" claims).[3]

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Order

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Plaintiff's request for appointment of counsel (Doc. No. 1);

///

---

[3] The Court further notes that while a prisoner's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) is an affirmative defense that must be pled and proved by the Defendants, *see Jones v. Bock*, 549 U.S. 199, 204 (2007); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), Plaintiff alleges to have successfully exhausted available administrative remedies as to his claims against Defendants Brown, Scharr, and Shakiba prior to filing this action, *see* Compl., Doc. No. 1 at 9, and has attached copies of CDCR 602 Log RJD 16-05176, including the Third Level Appeal Decision, issued on July 20, 2017, to his pleading. *Id.* Ex. C, Doc. No. 1 at 14-25.

8

3:18-cv-00179-MMA-JMA

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant.[4] In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c. and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

///

---

[4] Plaintiff includes "Does 1-10" as additional parties in his Complaint, and claims that he "must learn [their identities] through discovery." *See* Doc. No. 1 at 2. However, he must identify these purported defendants and substitute those individual persons in place of each unnamed Doe by amending his Complaint to name each of them before the United States Marshal will be ordered and able to execute service upon any of them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Does 1-10 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

7. **ORDERS** the named and served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

DATE: March 14, 2018

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge