**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN EDWARDS,<br><br>                       Plaintiff,<br><br>vs.<br><br>P. SHAKIBA, et al.,<br><br>                       Defendants. | Case No.: 3:18-cv-00179-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT;**<br><br>[Doc. No. 11]<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 14] |

      Plaintiff Allen Edwards, a California inmate proceeding *pro se*, brings this civil rights action against officials at R. J. Donovan Correctional Facility for violation of his Eighth and Fourteenth Amendment rights. Plaintiff moves for default judgment against all defendants. *See* Doc. No. 11. Defendants Scharr and Shakiba move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 14. In lieu of a response to Defendants' motion, Plaintiff has submitted a letter brief in which he states that he has been transferred between facilities in retaliation for filing this action. *See* Doc. No. 16. For the reasons set forth below, the Court **DENIES** Plaintiff's motion

for default judgment and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## BACKGROUND[1]

Plaintiff claims he is "developmentally disabled," participates in the Enhanced Outpatient Program ("EOP"), and suffers from a "serious medical condition in his hip" requiring his use of a cane and a medically-authorized lower tier/bunk assignment. Doc. No. 1 at 3-4. As a result, in 2011, Plaintiff was prescribed a permanent lower tier/bunk chrono. *See* Ex. E, Doc. No. 1 at 29-32.[2] However, on December 9, 2016, Plaintiff was awakened at 11:30 p.m. by Officer Brown,[3] who informed him Defendant Scharr was ordering his transfer to an upper tier/ bunk in "General Population Building 3" because "space was needed for another EOP inmate," and "because he did not have a lower tier/lower bunk chrono." *Id.* Plaintiff objected, and was threatened with a disciplinary transfer to Administrative Segregation, so he complied, but spent the night on the floor "in much distress." *Id.*

On December 10, 2016, Plaintiff was "rushed to [an] outside hospital for … abdominal pain," but remained assigned to the top tier/bunk. *Id.* at 5. The next day, Plaintiff fell while attempting to navigate the stairs with his cane, and was transported by ambulance to the medical clinic. He was returned to "EOP Bldg. 1," on December 12, 2016, where he was re-authorized for a lower tier/bunk assignment by Defendant Shakiba, but for "5 days only." *Id.* Plaintiff claims he then "began to have extreme pain in his right shoulder after the fall down the stairs and the problems in his hip got worse,"

---

[1] In reviewing a motion to dismiss, the Court presumes the plaintiff's factual allegations are true. *See Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

[2] Citations to electronically filed documents in the record refer to the pagination assigned by the CM/ECF system.

[3] Officer Brown is named as a defendant in Plaintiff's complaint, but has not been served with the summons and complaint. *See* Doc. No. 9.

so he sought medical attention, but Defendant Shakiba told him "there was nothing wrong with him," denied him care, and "refused" to re-authorize his lower tier/bunk assignment until an MRI conducted on March 10, 2017 revealed a tear in Plaintiff's shoulder tendon. *Id.* at 5-6, *see also* Ex. F, Doc. No. 1 at 33.

Plaintiff contends Defendants Scharr and Shakiba acted with "deliberate indifference" to his serious medical needs in violation of the Eighth Amendment, and violated his Fourteenth Amendment right to equal protection by "removing [him] from EOP housing without a classification or mental health committee action," and thereby treating him differently than "similarly situated EOP prisoners" who must be provided notice "when their chronos are expired and/or removed." *Id.* at 7.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

As an initial matter, Plaintiff moves for default judgment against Defendants. However, obtaining a default judgment is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must obtain a clerk's entry of default under Federal Rule of Civil Procedure 55(a); thereafter, the party may seek entry of default judgment under Rule 55(b). *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Plaintiff has not requested nor obtained entry of default by the Clerk of Court as to Defendants. As such, Plaintiff's motion for default judgment is procedurally improper and subject to denial on this basis alone.

Even if the Court were to liberally construe Plaintiff's motion as requesting entry of default by the Clerk of Court pursuant to Rule 55(a), entry of default is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Defendants Scharr and Shakiba have appeared and filed a motion to dismiss under Rule 12. Thus, Defendants have "otherwise defended" against Plaintiff's claims within 60 days after March 28, 2018, in compliance with Federal Rules of Civil Procedure. Defendant Brown has not been served. *See* Doc. No. 9 (summons returned unexecuted as to Defendant Brown). Entry of default by the Clerk of Court is not appropriate as to any of the named defendants. Accordingly, the Court **DENIES**

Plaintiff's motion.

**DEFENDANTS' MOTION TO DISMISS**

Defendants Scharr and Shakiba move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). As noted above, Plaintiff has not filed a response to Defendants' motion. However, the Court construes Plaintiff's letter brief as a general opposition to the dismissal of his claims.

1. *Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction

is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 2. Eighth Amendment Claim

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105. A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." *Id*. (quoting *Wilson*, 501 U.S. at 298). For purposes of the instant motion, the Court finds that Plaintiff has alleged sufficient facts to satisfy the objective requirement of his Eighth Amendment claim.

With respect to the subjective component of his Eighth Amendment claim, Plaintiff alleges that Defendant Scharr ordered Plaintiff transferred to an upper bunk in general population housing despite Plaintiff advising Defendant regarding his lower tier/bunk chrono and status as an EOP participant. Plaintiff alleges that Defendant Shakiba was deliberately indifferent to his serious medical needs by repeatedly refusing to honor his permanent lower tier/bunk chrono. In the Ninth Circuit, "allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999). The Court finds that Plaintiff's allegations are sufficient to plausibly suggest that Defendants were aware that Plaintiff's previous treating physician issued a medical chrono for a lower tier/bunk, but deliberately failed to honor it. *See e.g.*

*Brown v. Alexander*, No. CV 13-6143-BRO (RNB), 2014 U.S. Dist. LEXIS 110009, at *20 (C.D. Cal. June 24, 2014) (finding that "plaintiff's allegations here that defendants ignored his repeated requests, and refused to take any action, to implement the order from plaintiff's treating physician that he be assigned to a lower bunk are sufficient to permit the Court to draw a reasonable inference that defendants acted with deliberate indifference to plaintiff's medical needs."). Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Eighth Amendment claim.

### 3. *Fourteenth Amendment Claim*

Plaintiff asserts that Defendants' actions violated his right to equal protection under the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, Plaintiff does not allege that he is a member of a protected class of inmates. Although he alleges that he was treated differently than similarly situated EOP participants, he fails to allege any facts to show that the treatment was intentional and without a legitimate penological purpose. As such, his equal protection claim fails and the Court grants Defendants' motion to dismiss this claim.

### 4. *Leave to Amend*

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A *pro se* litigant must be given leave to amend his

or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). In consideration of the Ninth Circuit's liberal amendment policy, particularly in civil rights cases where a prisoner is proceeding *pro se*, the Court grants Plaintiff leave to file an amended complaint in order to cure the deficiencies set forth above with respect to his Fourteenth Amendment equal protection claim.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for default judgment and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. The Court **GRANTS** Plaintiff leave to file an amended complaint on or before **September 28, 2018**. Plaintiff's amended complaint must cure the deficiencies noted herein, must be complete in itself without reference to the original complaint. *See* S.D. Cal. CivLR 15.1. Any claims not re-alleged in the amended complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATE: August 13, 2018

HON. MICHAEL M. ANELLO
United States District Judge