# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS,<br><br>                    Plaintiff,<br><br>vs.<br><br>P. SHAKIBA, et al.,<br><br>                    Defendants. | Case No.: 3:18-cv-00179-MMA (LL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 22] |

Plaintiff Allen Edwards, a California inmate proceeding *pro se*, instituted this civil rights action against officials at R. J. Donovan Correctional Facility for violation of his Eighth and Fourteenth Amendment rights. Defendants Scharr and Shakiba[1] previously moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 14. The Court denied Defendants' motion as to Plaintiff's Eighth Amendment claim, but granted Defendants' motion as to Plaintiff's Fourteenth Amendment claim. *See* Doc. No. 18. The Court granted Plaintiff leave to file an

---

[1] Defendant Brown is named in Plaintiff's original and amended complaint, but has not been served with the complaint and summons and therefore has not appeared as a party in this action. *See* Doc. No. 9 (summons returned unexecuted).

1

amended complaint in order to sufficiently allege his Fourteenth Amendment claim. In doing so, the Court admonished Plaintiff that an amended complaint, if any, "must be complete in itself without reference to the original complaint," and "[a]ny claims not re-alleged in the amended complaint will be considered waived." *Id.* at 7 (citing S.D. Cal. CivLR 15.1; *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff has filed an amended complaint, alleging only a Fourteenth Amendment claim against Defendants; Plaintiff does not re-allege his Eighth Amendment claim. *See* Doc. No. 19. Defendants Scharr and Shakiba move to dismiss this action in its entirety, arguing that Plaintiff has waived his Eighth Amendment claim and fails to state a plausible Fourteenth Amendment claim. *See* Doc. No. 22. Defendants' motion is accompanied by a certification indicating that Plaintiff was properly served at his current institutional address with copies of the moving papers. *See id.* at 3. However, Plaintiff has not filed a response in opposition to Defendants' motion and the time for doing so has expired. *See* S.D. Cal. CivLR 7.1.e.2.

## DISCUSSION

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to the motion but failed to do so). Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendants' motion to dismiss on the basis of Plaintiff's failure to respond.

Before dismissal on this basis, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions." *Id*. at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In addition, the second factor favors dismissal in this case. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The third factor also favors dismissal, as there is no risk of prejudice to Defendants.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). As such, this factor weighs against dismissal. However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b) motion. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits, but whose failure to participate in the litigation impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).

Finally, the Court must consider the availability of less drastic sanctions. Plaintiff was given ample time to respond to Defendants' motion, which has been pending for approximately two months. Plaintiff has failed to respond, or to request an extension of time in which to do so, despite previously litigating this case on his own behalf. Thus, the Court finds that dismissal without prejudice is appropriate.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** this action **without prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: December 21, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge