**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN EDWARDS,<br><br>                     Plaintiff,<br><br>vs.<br><br>P. SHAKIBA, et al.,<br><br>                     Defendants. | Case No. 18cv179-MMA (LL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>[Doc. No. 31] |

Plaintiff Allen Edwards, a California inmate proceeding *pro se*, instituted this civil rights action against officials at R. J. Donovan Correctional Facility for violation of his Eighth and Fourteenth Amendment rights. *See* Doc. No. 1. Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 14. The Court denied Defendants' motion as to Plaintiff's Eighth Amendment claim but granted Defendants' motion as to Plaintiff's Fourteenth Amendment claim. *See* Doc. No. 18. The Court granted Plaintiff leave to file an amended complaint in order to sufficiently allege his Fourteenth Amendment claim. In doing so, the Court admonished Plaintiff that an amended complaint, if any, "must be complete in itself without reference to the original complaint," and "[a]ny claims not re-alleged in the amended complaint will be considered waived." *Id*. at 7 (citing S.D. Cal. CivLR 15.1; *King v. Atiyeh*, 814

F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed an amended complaint, alleging only a Fourteenth Amendment claim against Defendants; Plaintiff did not re-allege his Eighth Amendment claim. *See* Doc. No. 19. Defendants moved to dismiss this action in its entirety, arguing that Plaintiff waived his Eighth Amendment claim and failed to state a plausible Fourteenth Amendment claim. *See* Doc. No. 22. Plaintiff did not oppose the motion; the Court granted Defendants' motion and dismissed this action without prejudice. *See* Doc. No. 24. The Clerk of Court entered judgment accordingly on December 21, 2018. *See* Doc. No. 25.

On June 17, 2020, Plaintiff moved to reopen this case, stating only that he had cured the deficiencies in his previous pleadings. *See* Doc. No. 28. Plaintiff attached a proposed second amended complaint to his motion. *See id*. Plaintiff's proposed second amended complaint was in fact a near duplicate of Plaintiff's original complaint. *Compare* Doc. No. 1 *with* Doc. No. 28. The only difference was reflected in Plaintiff's prayer for relief which had been updated to specify the amount of alleged damages and a recent signature. *See* Doc. No. 28 at 12.[1] The Court construed Plaintiff's motion to reopen the case liberally as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Doc. No. 29. The Court denied Plaintiff's motion, stating in pertinent part:

> Plaintiff has not shown he is entitled to relief from judgment in this case. Plaintiff provides no explanation for why he failed to respond to Defendants' motion to dismiss, seek reconsideration of the Court's dismissal order, or otherwise litigate this action. Meanwhile, it has been more than a year and a half since entry of judgment. Accordingly, even if Plaintiff attempted to demonstrate mistake or excusable neglect – which he does not do – his motion would be untimely. The Court notes further that it dismissed this action without prejudice. As such, although Plaintiff is not entitled to relief from the judgment in this case, he may file a new lawsuit in order to pursue his claims.

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1 | *Id*. at 2-3.

2 |     Plaintiff now moves for clarification of the Court's order denying Plaintiff's motion to reopen the case. *See* Doc. No. 31. According to Plaintiff, he does not understand how to "comply with the Court's Order expeditiously." *Id*. at 1. Upon due consideration of Plaintiff's *pro se* status, good cause appearing, the Court **GRANTS** Plaintiff's motion. The Court clarifies its previous order and the status of these proceedings as set forth below.

    Simply put, there is nothing left for Plaintiff to do in this action. Plaintiff originally brought an Eighth Amendment claim and a Fourteenth Amendment claim against Defendants. *See* Doc. No. 1. The Court found that Plaintiff stated a plausible Eighth Amendment claim but failed to state a plausible Fourteenth Amendment claim. *See generally* Doc. No. 18. The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies in his Fourteenth Amendment claim. *See id*. The Court admonished Plaintiff that an amended complaint would supersede his original complaint and claims not realleged would be waived. *See id*.

    Plaintiff availed himself of the Court's leave and filed an amended complaint; however, he did not reallege an Eighth Amendment claim. *See* Doc. No. 19. Defendants moved to dismiss Plaintiff's amended complaint on the grounds that he still did not state a plausible Fourteenth Amendment claim. *See* Doc. No. 22. Defendants also pointed out that Plaintiff had waived his Eighth Amendment claim. *See id*. Plaintiff had ample time to respond to Defendants' arguments but did not do so. Based on Plaintiff's failure to litigate the action, as well as this District's Civil Local Rules, the Court granted Defendants' motion and dismissed this action without prejudice. *See* Doc. No. 24.

    Eighteen months later, Plaintiff moved for relief from the Court's dismissal order but stated no valid legal grounds for such relief. *See* Doc. No. 28. As such, the Court denied Plaintiff's motion; the previously entered judgment is valid and this action remains dismissed without prejudice. *See* Doc. No. 29. The case is closed. If Plaintiff wishes to pursue his claims, he must do so by filing a new civil action.

Accordingly, the Court **DIRECTS** the Clerk of Court to mail Plaintiff a court-approved civil rights complaint form for his use in filing a new civil action.

**IT IS SO ORDERED**.

DATE: August 18, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge